### Stoors and others vs. Kelsey and others.

Where there is no allegation of fraud or collusion between the complainant and the sheriff, the return of an execution at law unsatisfied is sufficient to authorize the filing of a judgment creditor's bill, although the sheriff was told the defendants had some interest in property which might be sold on the execution.

If the sheriff improperly returns an execution unsatisfied, when there is property of the defendant in his bailiwick sufficient to pay the judgment, either wholly or in part, the proper remedy of the defendant is by an application to the court out of which the execution issued, to set aside the return ; or by a suit against the sheriff.

This was a judgment creditor's bill, filed upon the return of an execution unsatisfied. After the coming in of the answer of the defendants.

J. Harris, in behalf of the complainants, applied for the appointment of a receiver.

L. Hoyt, for the defendants, resisted the application, upon the ground of a statement contained in their answer that they were the owners of a lot of land, the value of which exceeded the amount of a mortgage charged thereon ; and that before the return of the execution, they gave notice to the sheriff of the fact, and requested him to advertise the lot for sale ; but that he refused to do so, and returned the execution unsatisfied.

THE CHANCELLOR. As there is no allegation of any fraud or collusion between the complainants and the sheriff, or that the former had any notice of the alleged interest of the defendants in the lot at Buffalo, the return of the sheriff was

sufficient to authorize the filing of this bill. If the sheriff has made a false return, by which the defendants have been subjected to the costs of these proceedings, they may recover their damages in an action against him; or they might have applied to the supreme court to set aside the return. This court has no jurisdiction to grant such relief, in a suit to which the sheriff is not a party. (*Stratford* v. *Twynam*, Jac. R. 418.) Besides, it is not pretended that the property was sufficient to satisfy the whole, or any considerable part of the judgment. The object of the defendants was probably to create delay, until they could place their other property beyond the reach of these creditors. The order for the appointment of a receiver must therefore be granted; and the defendants must be left to their remedy, if they have any, against the sheriff.