## Evans *vs.* Parker.

A *sheriff's return of nulla bona* will not be set aside as *false*, where the evidence pro-
duced on a motion for that purpose is contradictory in reference to the value of
the property of the person against whom the execution issues over and above
former liens. Indeed, *it seems*, that in no case will the return of a sheriff upon
process be set aside as *false* upon affidavits, except where fraud or collusion is
shown.

This was a motion to set aside as false a sheriff's return of
*nulla bona* upon a fi. fa. The sheriff had made a levy, but be-
coming satified that the defendant's property was insufficient,
over and above previous liens, to satisfy the execution or any
part of it, he consulted with the plaintiff's attorney, and returned
the fi. fa. *nulla bona*, &c. Upon which the plaintiff filed a cred-
itor's bill in the court of chancery, obtained an injunction, and
was proceeding to the appointment of a receiver. The affida-
vits produced on the motion to set aside as false the sheriff's re-
turn were contradictory : those on the part of the defendant
tending to show that the property levied upon would have pro-
duced on a sale a sum greater than the previous liens, whilst
those in opposition to the motion tended to show that a sale
would not have produced any thing beyond the liens.

*J. Lovett*, for the motion.

*A. Taber*, contra.

*By the Court*, Cowen, J. I told the parties on this motion
being mentioned, and the papers being glanced at, that I was
very sure I could not give any relief in the course now taken,
even if it were in fact due. It certainly is not necessary to deny
that on a plain, uncontested case of collusion, we might interfere
in a summary way, though I hope we have no reason to antici-
pate such a case. Even then it is quite obvious how much more
ample would be the remedy by action, which might also be pur-
sued *pari passu* with an indictment. As a general rule, the

sheriff must exercise his discretion and decide for himself, whether the property on which he has levied can be made available. That he consults the plaintiff or his attorney on the question is certainly no objection; they are mainly interested in the proceeding. If it could obviously be made to pay the plaintiff's debt, I should require a very strong case to satisfy me that any member of the bar had procured the sheriff to make a false return, for the sake of enabling him to obtain the costs of a creditor's bill. It would be very harsh to suppose that any attorney would attempt such a thing; yet short of plain mal-practice or corruption, we can not interfere. I know the court of chancery have refused to regard the objection there that the return to the fi. fa. was false, *Stoors* v. *Kelsey*, 2 *Paige*, 418, and it was remarked that the defendant might apply here to set aside the return. I understand the learned chancellor also to intimate that, in a case of fraud or collusion, he would himself notice the objection. Surely we can do no more. So far as we have spoken, it was to say that the sheriff may, even after a levy, return *nulla bona* on being satisfied that an attempt to sell would be fruitless by reason of previous liens. *Chaupernois* v. *White*, 1 *Wendell*, 92. So of any other ground for honest belief in the sheriff, as if the goods levied on are claimed adversely by a third person, even though the claim be fraudulent. We all know the course usually taken as a remedy. It is an action by the party grieved for a false return. That was one remedy spoken of by the chancellor in *Stoors* v. *Kelsey*. Several cases are collected by Mr. *Graham* in his practice, 409, 2d ed. shewing that the sheriff has a discretion. It would be a very harsh mode of controlling that discretion, to set aside the return, and displace the lien which the party may have acquired by a creditor's bill. The remedies of creditors are sufficiently narrowed by the modern, and I will not deny humane, course of legislation in favor of unfortunate debtors. All remedy by ca. sa. is taken away in respect to resident debtors, and it is right to secure the creditor every means in his power to reach the debtor's property and convert it to the payment of his debts short of a hasty sale and sacrifice, which is not a very pro-

Evans *v.* Parker.

bable result when the course taken is by a bill in chancery. One clear mode of relief is open to the defendant—payment of the debt. That will raise the injunction and supersede the receiver ; and if his property be so ample as to fasten the charge of a palpably false return on the sheriff, it would seem to follow that he must have the means of payment.

I took the papers and consented to look into this case, rather from the large amount of property which was said to be locked up and withdrawn from the defendant, by the bill in chancery, some fifty thousand dollars at least, and the confident belief of counsel that he had presented a case for relief, than from any hope that I can afford any. The more I have thought and read of the matter, the more I am satisfied that my first impression was correct. In *Brydges* v. *Walford*, 6 *Maul. & Selw.* 42, 3, Lord Ellenborough, C. J. said, " The sheriff acts according to the best information he can procure at the time, and makes his return accordingly." In the late case of *Goubot* v. *De Crouy*, in the Exchequer, 2 *Dowl. Pr. Cas.* 86, the sheriff's officer had arrested the defendant, who claimed to be privileged as being in the service of the Sicilian minister. The affidavits shewed very strongly that the privilege was but a pretence, and that the officer had collusively and fraudulently allowed the defendant to go at large. The sheriff returned the defendant's privilege as an excuse for not taking him. On motion to set aside the return as false, and direct the sheriff to execute the writ, the court refused to interfere, saying " you must resort to your action." The learned reporter states the rule to be extracted from the case thus : " The court will not try, on affidavits whether the return made by a sheriff to a writ is false, even though a strong case is made out shewing fraud and collusion ; but the party must resort to his remedy by action."

The motion must be denied with costs.