## CRIPPEN *vs.* CRIPPEN & THOMPSON.

### THE SAME *vs.* THOMPSON and others.

Where the parties compromised a suit by an agreement that one of the defendants should pay the costs of the complainant; *Held* that the taxing officer was not bound to decide the question, whether the costs should be taxed as between solicitor and client, or only as between party and party. But if the parties, or either of them, wished it, he should have taxed the costs in both ways; to enable the proper tribunal, before which the agreement was afterwards sought to be enforced, to decide the question, whether the one amount, or the other, was payable, under such agreement.

But where costs are payable under an order or decree of the court, the taxing officer must decide upon what principle the costs are to be taxed, according to the legal construction of such order or decree, as well as ascertain the amount of the taxable items, according to such construction.

Where there has been an appeal from an order or decree of a vice chancellor, the costs upon the appeal and upon the proceedings in the suit in the court below, may be made out, and taxed, in separate bills.

Charges for copies of wills, deeds, &c. to be annexed to the draft of a bill, are not taxable. Nor can parts of an original bill, which are incorporated in hæc verba in a supplemental bill, be allowed as a part of the draft of the supplemental bill.

Crippen *v.* Crippen.

A charge for attending court to argue a demurrer, which was not reached on the calendar, is not taxable.

A charge for engrossing the points, to be used upon the argument of a cause, is not taxable.

Where the complainant makes a special application to the court for leave to amend, the complainant's solicitor is entitled to charge for a copy of the bill, as amended, to be served upon the adverse party. But he is not entitled to charge for a second copy of the amended bill, to keep; the one which he used upon the application for leave to amend, is all that it is necessary, to keep.

The costs of an amendment, of the bill, which has been rendered necessary by the complainant's neglect to furnish his solicitor with a full statement of the facts of the case in the first instance, are not taxable as between party and party.

Upon a mere supplemental bill, filed by the complainant against the same defendants, which is not a supplemental suit, the complainant is not entitled to be allowed for new retaining fees for solicitor and counsel.

But where a suit abates, and a new bill is necessary, not only to revive the suit against the representatives of the decedent, but also to bring new interests, and new matters of litigation before the court, in consequence of such abatement, new retaining fees are taxable.

Where a cause is referred to a vice chancellor for hearing and decision, by the chancellor, upon the calling over of the calendar for that purpose, and not upon notice by the party, for an order to refer, the solicitor is not entitled to charge an attendance fee, for attending to obtain such order.

Charges for drafts, and copies of points, upon special motions, are not taxable.

A charge for the expenses of obtaining an order extending the time to reply, is not taxable against the adverse party.

Where a solicitor has been allowed a gross sum, for his costs upon a special motion, he cannot afterwards charge, in his general bill of costs, the fees of the register or clerk for reading and marking his papers upon such motion; such fees being included in the gross sum fixed, by the court, as the costs upon the motion.

A charge for attending the vice chancellor out of term, upon a petition for a temporary injunction, is taxable; but such a charge is not allowable where an injunction is allowed by a vice chancellor, out of court, in his character of injunction master merely.

THIS was an application, on the part of J. W. Thompson, one of the defendants, for the re-taxation of the costs of the complainant's solicitor. An original bill, in the first entitled cause, was filed against the defendants therein, for an injunction restraining proceedings at law, and to obtain a specific performance of an agreement, between the complainant and N. R. Crippen, his father, one of the defendants. In the progress of that suit the complainant's bill was found to be defective, and it

Crippen v. Crippen.

became necessary to make an application to amend the same, and to obtain a new injunction thereon. Many other services had been performed by the complainant's solicitor, in the progress of the suit, which were properly taxable as between the solicitor and his client, but which would not have been taxable as against the defendants, upon a general decree for costs against them, in favor of the complainant. N. R. Crippen died subsequent to the filing of the amended bill, and it then became necessary to file the bill in the secondly entitled cause, as a bill of revivor and supplement. The parties afterwards agreed to compromise the suits, upon payment of the costs. And one question was, whether, by the agreement, the defendant Thompson was bound to pay the costs due from the complainant to his solicitor, and taxable as between solicitor and client, or the costs which would have been taxable as between party and party, upon a decree for costs, in favor of the complainant. The vice chancellor, to whom the bills of costs were presented for taxation, taxed the costs as between solicitor and client. And as to all the items which were not properly taxable as between party and party, the counsel for Thompson objected, and asked a re-taxation. He also objected to various other items in the bill as not taxable, even as between solicitor and client.

*O. L. Barbour & O. F. Thompson*, for the defendant.

*B. F. Agan & A. C. Paige*, for the complainant.

THE CHANCELLOR. The question, whether the costs to be paid under the agreement were the taxable costs as between the complainant's solicitor and his client, or the taxable costs as between party and party, was one which it was no part of the duty of the taxing officer to decide. For the costs were not taxed under any decree or order of the court, but merely for the purpose of enabling the parties to carry their agreement into effect. If the complainant's solicitor, therefore, had asked to have these bills of costs taxed as between solicitor and client, the vice chancellor should have so taxed them—stating in his certificate of taxation

Crippen v. Crippen.

that they were taxed as between solicitor and client, and not as between party and party. And if the defendant had asked to have the costs taxed as between party and party, he should also have taxed them in that way; stating, in his certificates of taxation, the amounts of the respective bills, in each mode of taxing them. This would have enabled the proper tribunal, before which the question might afterwards come for a decision, to determine whether the one amount or the other was payable, under the stipulation to compromise the suits. I shall not therefore attempt to determine the question, upon this appeal from the taxation, and upon conflicting affidavits as to what that stipulation was, whether the defendant is or is not bound to pay all the taxable costs for which the complainant is liable to his solicitor. The case would be different if the costs were payable under an order or decree of the court, and where it was necessary to give a construction to such order, or decree, for the purpose of ascertaining what amount of costs was to be paid; and to enable the court to enforce a compliance with such order or decree. I shall therefore proceed to ascertain what items in the bill of costs objected to, by the respective parties, and allowed by the taxing officer notwithstanding such objections, were properly taxable, either the one way or the other.

It was objected that the costs in the original suit, and those upon the bill of revivor and supplement, should all have been included in one bill of costs, so as to save the expense of double charges for separate bills of costs, notices of taxation, &c. It is unnecessary to consider that question here, as one of these bills embraces the costs upon an appeal, as to which this court has decided that a separate bill of costs may be made out and taxed. And the result is the same to the defendant, whether the whole costs are taxed in these two bills, in the form in which they were presented to the taxing officer, or the costs upon the appeal only are embraced in one bill, and all the residue of the charges are included in the other.

In the first bill, the charges for copies of will, deed and mortgage, to be annexed to draft of bill, are not taxable. For they are charged and allowed in the charges for the engrossment and

Crippen v. Crippen.

copies of the bill and schedules; and copies of schedules to be annexed to the draft are wholly useless. The original matter in the amended bill, and in the affidavits annexed, is but 48 folios, instead of 141, as charged; and the remaining 93 folios should not have been taxed as for a draft, being merely copied from the original bill; and the charge for schedules annexed to the draft should also have been disallowed. The charge for engrossing the points was improper and should have been disallowed; and the copies are overcharged. The copy of the amended bill, to serve, after the amendment had been allowed, and the amended bill had been filed, was necessary, and was properly taxable; but a second copy to keep should not have been taxed, as the copy charged before the bill was amended was all that was necessary. With these deductions, the charges, as taxed by the vice chancellor, from the charge for the draft of the proposed amended bill, down to the notice of the argument of the demurrer to the amended bill, at August term, 1842, are properly taxable as between solicitor and client. But none of those charges would have been properly allowable as between party and party; as they were all rendered necessary in consequence of the neglect of the complainant to furnish his solicitor and counsel with all the proper information, to enable them to draw the original bill right, in the first instance.

The charge for attending, at the August term, in 1842, to argue the demurrer to the amended bill, was not taxable; as no allowance is made by the fee bill, in this court, for attending to argue a cause when it is not reached. And the charge for solicitor's fee on the order to refer the cause, where it is referred by the court upon calling over the calendar for that purpose, was not taxable. Nor is the solicitor entitled to charge for the proposed decree to be entered upon the argument of a demurrer. That is only necessary or proper where there is something special in the case, requiring a draft of the decree, which the solicitor supposes his client entitled to, for the purpose of enabling the court to determine what relief it may be proper to grant. But no such information is necessary on the argument of a demurrer; as the demurrer is disallowed of course, and the defendant is required

Crippen *v.* Crippen.

to answer the bill, if the complainant succeeds upon the argument. The charge for solicitor and counsel fee, at November term, 1842, was also improperly allowed, as the case was not argued; and the charge was too much, even if the demurrer had been argued at that time. The charges for copies of bill of costs, and for the taxation, are also too high, as the sums charged are only allowable after a decree in the cause. But here had been no decree, and these services should therefore have been taxed at the lower rate, as fixed by the fee bill before decree. The charge for the engrossment of the amended bill was properly rejected by the taxing officer; as he had allowed for an engrossment of the proposed amended bill, and that was all that was necessary or proper to charge. The bill of costs in the first suit must therefore be taxed at $276,89, as between the solicitor of the complainant and his client; and at $143,10, as the amount at which it would be taxable between the complainant and the defendants, if there had been a decree for costs in his favor, against them; or, in other words, as the taxable costs as between party and party.

The first objection to the bill of costs in the second of the above entitled causes, is that retaining fees are not allowable upon a bill of revivor and supplement. Upon a mere supplemental bill, against the same parties, which is not also a supplemental suit, I think new retaining fees for the solicitor and counsel are not taxable. But where the suit has abated by the death of a party, and a new bill is necessary, not only to revive the suit against the heirs or representatives of the decedent, but also to bring new interests and new matters of litigation before the court, as in this case, retaining fees ought to be allowed. For the reasons before stated, however, the copies of schedules to be annexed to the draft of the bill, should not have been allowed. The charge for attending the vice chancellor out of term, upon petition for a temporary injunction, was properly allowed, as the fee bill gives to the solicitor one dollar for such service. But that charge is not taxable where the injunction is allowed by the vice chancellor in his character of an injunction master merely, and not in the discharge of his duty as the judge of the court.

Crippen v. Crippen.

In this case, I think the vice chancellor had no authority to allow the temporary injunction upon petition, except as having authority as a court to make the order. The charge for allowing the injunction must therefore be disallowed. The charges for the several copies of the bill of revivor and supplement, to be served upon the parties, with notices of the motion for leave to file such bill and for an injunction to be founded thereon, appear to have been necessary and proper, according to the practice of the court in such cases. But as the notices are subsequently charged and allowed, the draft of notice, and one folio in addition to each copy of the bill, should have been disallowed. The charge for draft and engrossing and copies of points, for the court, were properly disallowed, as not required, to be furnished upon special motions, by the rules and practice of the court. And for the same reason, the charge for a copy of the bill of revivor and supplement, for the court, upon the motion, and the four succeeding charges of the same character, should also have been disallowed.

Although a copy of the supplemental bill, proposed to be filed, had been served, on the defendant Thompson, with notice of the application for leave to file the same and for an injunction, the service of another copy of the bill, upon him, after it had been filed, was probably necessary; to prevent a dissolution of the injunction, under the 35th rule of the court, and to compel the defendant to answer. The charge for such copy was therefore properly allowed upon the taxation. And the charges for the copies of papers furnished to the court upon the appeal were also proper. But the copies of points for the court and counsel were charged at fourteen cents a copy, instead of seven, and the taxing officer should therefore have deducted one half of the entire charge for copies. The charge for granting order for time to reply was not taxable, as no such allowance is found in the fee bill in this court. The solicitor having been allowed a gross sum for his costs in resisting a motion to vacate the order reviving the suit, which sum had been paid, the clerk's fees for marking his papers on that motion must have been included in that gross sum, and ought not to have been allowed a second time.

The charges for solicitor and counsel attending to argue demurrer at the term at which the cause was settled, should have been disallowed, as the cause was not argued ; and the solicitor did not in fact attend the court.    Nor were the copies of papers furnished to the counsel for the argument taxable.    The party demurring was bound to furnish the necessary copies for the court, and copies of the pleadings, &c. for counsel were not taxable.    Some other charges have also been allowed in this bill which, in relation to the other bill, I have already decided to have been improperly allowed, or charged too high ; and they must be corrected accordingly.    The charge for filing papers on the motion to strike the answer from the files, and the three succeeding charges, are embraced in the gross allowance for costs on that motion, and were also for services which were done after the compromise of the suit, and must be disallowed. But as most of the services embraced in the allowance of $15, for the costs of that motion, must have accrued before the suit was settled, as much as ten dollars of that gross sum must be allowed.

There does not appear to be any thing in this bill which is properly taxable as between solicitor and client, which is not also taxable as between party and party.    After making all the proper deductions, therefore, this bill must be declared to be taxed, as between party and party, at $267,46.    And neither party is to have costs as against the other, upon this application for a retaxation.