# SUPREME COURT.

FISHER agt. HALL AND OTHERS. (*Original bill.*)
CLARK AND OTHERS agt. THE SAME. (*Bill of revivor and supplement.*)

COSTS.—Where a plaintiff in an equity suit claims, by bill of revivor and supplement, the same relief as was claimed by the plaintiff in the original bill, on motion for leave to discontinue, he must pay the costs of *both suits* from the beginning.

This suit, although commenced in the former court of chancery, and the bills of costs taxed under the chancery fee bill, may nevertheless, in some of its principles, apply to costs claimed under the Code.

*Washington Special Term, Sept.* 1853. This is an application for leave to discontinue on payment of the costs of the last suit. Henry Fisher filed the original bill, claiming certain relief in relation to lot 42 in the iron ore tract in Moriah, and the possession thereof. The defendants answered, and the cause was put at issue by replications. No testimony was taken in the cause; but on the 3d of April, 1847, the deposition of William H. Meacham, as a witness for the defendants, was taken, *de bene esse*, under an order previously granted by the court. The bill was filed in 1845 in the court of chancery. Before any further proceedings were had in the cause, and on the 13th of May, 1847, Fisher, the complainant, died, having, previous to his death, conveyed his interest in the lot to Byron Pond, who conveyed the same, on the 16th November, 1846, to Calvin Fisher and Hiram M. Storrs, in trust to pay the rents and profits to complainant during his life, or until he should appoint some person to receive a conveyance of the lot, or to whom he should devise it by his last will and testament. Complainant, by his will, devised one-half the lot to his son Austin, and the other half to his son Calvin. The trustees, after the death of complainant, conveyed one-half to Austin and one-half to Calvin. Austin and Calvin conveyed all their shares except thirteen acres to Charles Miller, who afterward conveyed to defendant Clark, who conveyed two undivided third parts to the other defendants. Under these circumstances they filed their bill of revivor

and supplement in supreme court on the 15th January, 1848, claiming the relief, as subsequent grantees, which the complainant claimed in and by the original bill. An answer was put in. Replications filed about the 28th of August, 1851. No testimony was taken in either cause, except that of Meacham, as before stated. The cause was never noticed for hearing by either party. The court is to tax the bills of costs presented with the papers in conformity with the decision of the motion.

W. POND, *for Plaintiffs*.

G. A. SIMMONS, *for Defendants*.

C. L. ALLEN, Justice. I have no doubt but that the defendants are entitled to their costs of both suits. The plaintiffs claim title to lot 42, as grantees through several grants and the devise under the will of Henry Fisher; and ask, by their bill of revivor and supplement, the same relief as was claimed by Fisher under the original bill. I understand the rule in equity to be, that in a bill of revivor and supplement the plaintiff must pay the costs from the beginning. If the interest of a party is undetermined and transferred to another, the relief is obtained by supplemental bill, and the new party comes before the court in the same plight and condition as the original complainant. He is bound by his acts, and may be subject to the costs from the commencement of the proceedings in the original suit.

So a purchaser, *pendente lite*, on filing a supplemental bill, is liable to all the costs from the filing the original bill.

Suppose, says Hoffman, an estate has been in controversy in this court for twenty years, and during suit the claim in controversy is purchased; the purchaser, on filing supplemental bill, comes into court, *pro bono et malo*. He shall be liable to all costs from beginning to end. (1 *Hoff. Pr.* 401; see *Atk.* 88, 89; 11 *Paige*, 221; 1 *Barb. Ch. Pr.* 585; 2 *Paige*, 459; 11 *J. R.* 490.) At law the party in interest, though not a party on the record, is liable to pay the costs. (7 *Wend.* 497; 20 *Wend.* 622.) I shall accordingly allow the defendants the costs in both suits. Plaintiffs might perhaps have filed a new bill, and thus avoided the costs of the first suit, but

they have chosen a different course, and must abide by its consequences. Several items in the original bill are objected to, and I shall proceed to notice them in their order. The copies of affidavits, charged as engrossing at fourteen cents per folio, at No. 23, were, it is true, not necessary on motion, but they were to be filed on the decision of the motion, and I think fees for engrossing are allowable. Copy to keep, also charged at seven cents, at No. 25, is also allowable if actually made, and the solicitor swears in this case it was. The items marked No. 1, 2, and 3, on the 2d page of the bill, are objected to on the ground that the motion was made on the original papers, and that there was no necessity for making copies. The solicitor swears that they were actually made. The chancellor decided, in Mann agt. Rice, (3 *Barb. Ch. R.* 42, 44,) that the charge for a copy of answer to be used on a motion of this kind was *not allowable;* for the extra copy of the answer, which is always allowed to the party to keep, should be used in all cases where it is necessary to exhibit a copy to the court, upon the making or opposing of a motion. This remark does not apply, however, to the copy of the bill and injunction which were allowed, and which it was necessary the defendants should copy and furnish to the court on the motion. I shall therefore strike from the bill the amount charged for copies of answer and affidavits, and allow the two remaining items. There is no provision in the fee bill allowing for copy of opinion, and the fee of 50 cents charged for that item must be stricken out. The charge for certified copy of order dissolving injunction for master, is not allowable, as not necessary; but I rather think the charge is intended to be for copy order to examine Meacham, as no such charge, which would be proper, can elsewhere be found. I shall therefore allow it to stand.

The charges relative to the examination of Meacham I shall allow, as it appears the witness was examined under an order of the court, which was regular until it was set aside.

The item, No. 5, on the 3d page of the bill, is objected to, all but three copies, on the ground that there was no need of serving order on any but the grantees of Fisher. The so-

licitor says the order directed a copy to be served on all the defendants, and swears the copies were all made and served. I shall therefore allow them. So of the items for affidavits, of service of the copies of order and the admission of the same on Mr. Pond, having all been actually made and done, are allowable; and also of the items from No. 13 to 31, for order, and service of copies modifying injunction. The three last items are also allowable. This disposes of the objections to the original bill, and I tax it, deducting $13,66, at $153,02.

As to the costs of the supplemental bill, the solicitor for plaintiffs objects to the two items of brief and solicitor and counsel fee on hearing, and swears that the cause was never on the calendar, or if it was, it was irregular and not noticed. These two items must therefore be stricken out; but the remaining items are allowable if the services were done, and the solicitor swears they were. The charges also are allowable. Defendants have a right to judgment of discontinuance, and to have their costs entered therein. The bill is therefore taxed in this case, deducting $15,00, at $43,93.