### BANK OF MONTREAL *v.* GLEASON *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

1. EXECUTION—ACTION TO DISCOVER PROPERTY SUBJECT TO—WHEN MAINTAINABLE.
   It is no defense to an action under Code Civil Proc. N. Y. § 1871, providing that, upon the return of an execution unsatisfied, the judgment creditor may maintain an action against the debtor and any other person to compel the discovery of anything in action, or of any money or property due him, or to prevent the transfer, etc., thereof to him or any one else, that the debtor has real or personal property out of which the judgment could be collected.

2. INJUNCTION—WHEN LIES—TO RESTRAIN TRANSFER BY FRAUDULENT ASSIGNEE.
   In such action, the facts that the execution was so returned; that the debtor was the partner of others in a profitable business; that before the recovery of the judgment he had assigned his interest in the profits of the business to one of his partners, for a consideration of which the existence was doubtful, but had remained in the firm, and enjoyed the profits since the assignment as before; that their copartners knew nothing of the assignment until after the institution of legal proceedings to collect the debt,—are grounds for an injunction restraining the assignee from disposing of the interest of the judgment debtor until a trial of the action can be had.

Appeal from special term, New York county; MORGAN J. O'BRIEN, Justice.

Action by the Bank of Montreal against Patrick J. Gleason, John J. Kiernan, William P. Sullivan, and Albert Frank, to subject the profits and share of Kiernan to a judgment in favor of plaintiff, and to obtain an injunction against Gleason from disposing of the interest of Kiernan, which had been assigned to him *pendente lite.* Injunction allowed, and defendants appealed. On the motion it appeared that the other partners, Sullivan & Frank, were ignorant of the assignment until long after it purported to have been made; and that the existence of the indebtedness of $22,500 claimed to be the consideration for the assignment was questionable. Code Civil Proc. N. Y. § 1871, provides that, upon the return of an execution unsatisfied, the judgment creditor may maintain an action against the debtor and any other person to compel the discovery of anything in action, or of any money or property due him, or to prevent the transfer, payment, or delivery thereof to him, or to any one else; and provides for the application of such property to the satisfaction of the debt.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Clarence F. Birdseye,* for appellants. *Thomas G. Shearman,* for respondent.

DANIELS, J. The action has been brought by the plaintiff as the judgment creditor of the defendant John J. Kiernan, to reach and appropriate equitable assets for the payment of its judgment. The fact of the recovery of the judgment, the issuing and return unsatisfied of an execution upon it against the property of the judgment debtor to the sheriff of the county in which he resided, are clearly and plainly proved. So are the facts that he was interested as a partner in two different partnerships, and, before the recovery of the judgment, assigned his interest in the profits of the business to the other defendant, Patrick J. Gleason. And it was further made to appear, by the authenticated statements of the appealing defendants, that the business of the

two firms was profitable, and that the judgment debtor had been paid from time to time upon his share of the profits of the business, after the making and delivering of the assignment, and without any information to his copartner of the fact of that assignment.   These facts, so far as they depended upon information received from the defendants, could be legally and properly proved in that manner; and they, together with the other facts, of which no dispute can exist in the case, were sufficient to entitle the plaintiff to an injunction restraining the assignee from transferring or disposing of the interest of the judgment debtor held by him in this manner until the determination of the action.   The plaintiff had placed itself, by the proofs, in the situation where it had the right to insist that the financial relations of the parties should not be changed until a trial of the case could be had; for the fact that the assignor was permitted to receive the profits of the business the same as though no assignment was made, after it had been executed and delivered, was a circumstance having a decided tendency to indicate that it was made to hinder, delay, or defraud creditors.   The statement of the consideration for which the assignment was made also tends to throw doubt upon its good faith.   It may turn out upon the trial to be substantially sufficient, but it does not now so appear as to justify the refusal of an injunction; and the plaintiff is entitled at least to an opportunity to test its validity, by such proof as may be accessible, although not stated in any extended manner in the affidavits.   The assertion that the debtor has real and personal property out of which the judgment could be collected is not a defense to the action; for that has been permitted by the present as well as the preceding statute to be commenced and prosecuted to secure payment of the judgment after an execution against property issued to the sheriff of the county where the judgment debtor resided has been returned, as it was in this case, wholly unsatisfied.   The law upon this subject is contained in section 1871 of the Code of Civil Procedure, and is subject to no such qualification as the defendant has claimed should be attached to it in this case.   A point somewhat similar was considered by the chancellor in *Stoors* v. *Kelsey*, 2 Paige, 418, where it was held that the debtor himself had his remedy against the sheriff, if the execution was improperly returned, and cannot avail himself of the fact as a defense to the creditor's action.   Without considering the objection that certain portions of the affidavits are made upon information not obtained from either defendant, it is sufficient, for the present purposes of this case, that the facts upon which the right to the injunction rest were made out in a manner not liable to this objection.   The case contained all that can be usually required for this purpose under the settled rules of practice, without placing any reliance whatever upon such matters of fact as had been upon information derived from any other person or persons than the defendants in the action.   The rights of the defendants were all protected by the order allowing the injunction to be vacated in case they should give a bond, with two sufficient sureties, in the sum of $6,000, conditioned to pay the judgment in case the plaintiff should prove to be successful in the action.   This was as small a sum as the defendants could insist upon according to the amount of the judgment, and the order was as favorable to them in this and all other respects as they had any reason fairly to expect, and it should be affirmed, together with $10 costs, and also the disbursements.

VAN BRUNT, P. J., and BRADY, J., concur.