## Case No. 7,053.

INTERNATIONAL GRAIN CEILING CO. v. DILL et al.

[10 Ben. 92.] [1]

District Court. S. D. New York. Sept.. 1878.

Abbott Bros., for motion.
W. R. Beebe, for libellant.
Mr. Wakeman, for marshal.

[1] [Reported by Robert D. Benedict. Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

CHOATE, District Judge. This is a libel in personam against [Herman] Dill and Radman to recover $2986, for material furnished to various vessels. The libel alleged that "the respondents are in this district or have goods, etc., to wit, the ship Swallow," and it prayed process with attachment. The process issued required the marshal "to cite and admonish the said respondents if they shall be found in your district to appear. etc.. and if the said respondents cannot be found, that you attach their goods and chattels to the amount sued for, and if such property cannot be found that you attach their credits and effects, etc."

On the return day of the process. May 21, 1878, the marshal made return as follows: "The within respondents not found. In obedience to the within process on the 17th day of May inst. on board the ship Swallow, lying, etc., attached the goods and chattels of the within named respondents, to wit: their right. title and interest in the said ship. by delivering to and leaving with Peter Longwood, the first officer and person in charge of said ship. a copy of said process and at the same time-exhibited to him the within original, not knowing the extent of their interest."

The respondents not appearing. their default was taken and a reference ordered to compute the amount due. The marshal having put a keeper on board to maintain his attachment. the petitioners Howes and Crowell, claiming to own the ship, finding that she was in the custody of the marshal, on the 25th of May, gave bond under the act of March 3, 1847,—Rev. St. § 941 [9 Stat. 181].—with the petitioners Poillon and Brown, as obligors, conditioned "to abide by and perform the decree of the court." The bond recites the filing of the libel. erroneously stated to be on the 24th of May, and the attachment and the custody of the marshal. Thereupon the vessel was delivered to the claimants. The claimants and their sureties on the bond now move to compel the marshal to amend his return and to vacate the attachment and to have the bond cancelled and to have the libel dismissed on the following facts. which are not disputed. The respondents Dill and Radman reside in the Eastern district of New York. but carry on business in the city of New York. where they have a regular and long established place of business as merchants. their names and business address being in the city directory. and they are usually to be found at their place of business every day during business hours. The marshal made no effort whatever to find the respondents or either of them before attaching the vessel.

The libellants and the marshal having notice of this motion appear, but do not contest these facts, nor is it disputed that Howes and Crowell are the owners of the vessel. Affidavits in opposition to the motion are produced. tending to show that Dill

and Radman under a contract to purchase the vessel have paid a large part of the price, and it is claimed that they had an attachable interest in the vessel. The affidavit of the respondents Dill and Radman is also produced, that the debt sued for is justly due and that they do not join in or desire the granting of this motion.

The marshal's return "not found" is clearly a false return. The abbreviated form of return which usage sanctions imports that the respondents were not found within the meaning of his precept, that is, after proper effort to find them in the due execution of his precept.

The form of the process and the long established rule of the court prescribing that form clearly show that there can be no valid attachment in default of personal service of process in a suit in admiralty in personam, except in case the defendant cannot be found within the district. This principle is abundantly recognized also in the authorities. Admiralty Rule 2; Cushing v. Laird [Case No. 3,508]; 2 Pars. Shipp. & Adm. 390; Ben. Adm. (2d Ed.) § 426. Mr. Benedict in his treatise says: "Under such a process (capias with clause of attachment) it is the duty of the marshal to arrest the party if he can be found in his district, and he has no right to attach goods, chattels, debts or effects before he has endeavored to find the party himself." Section 426. This is unquestionably the law. See, also, Harris v. Hardman, 14 How. [55 U. S.] 334. The only difference in the process now in use and that referred to by Mr. Benedict above is, that arrest for debt being abolished the precept now directs the marshal to cite the defendant to appear, instead of directing the marshal to arrest him.

It is clear, therefore, that to attach goods without any endeavor to find and serve personally the defendants when they are to be found within the district, is an abuse of the process of the court, and the facts being clearly shown or admitted, such an attachment cannot be sustained.

Cases may arise raising the question what amount of diligence the marshal must use in endeavoring to find the defendants, or what circumstances in fact will justify him in returning "the defendants not found," but the present case is free from all such question, since upon the undisputed facts the defendants were to be found within the district without any difficulty and there was no attempt to serve them.

It is insisted, however, on behalf of the libellants, that if the return is false, these petitioners have no such standing in court or relation to the cause that they can make this motion; that the respondents alone could have this relief and that they do not ask it and being in default are not entitled to ask it. There is no ground for this claim. These petitioners are directly interested in the result of the suit. Under the act of 1847 judgment may in this very suit be ultimately entered against them. Besides that, they are interested in the property attached and are the parties injured by the abuse of the process of the court. It would be very singular if the court could not relieve them, that abuse being admitted. It is also claimed that the return of the marshal is conclusive, and that the only remedy is by an action for a false return. Where the alleged falsity of the return involves a question of fact, the party aggrieved should be put to his action for a false return that the question may be properly tried and the right of appeal saved. Evans v. Parker, 20 Wend. 622; Stoors v. Kelsey, 2 Paige, 418. So also if a doubtful question of law arises on admitted or uncontested facts it should not be determined on motion. But the power of the court in a proper case to compel an amendment of the return of the officer on motion is not denied, but is recognized by the very authorities which hold that an action for a false return is the remedy where the question is doubtful; and in this case it seems to be wholly unnecessary to remit these parties to their action, because there is no doubt about the facts, nor any doubt that on those facts the return is false. In a clear case the court will on motion or of its own motion set aside proceedings in a cause where they have been without jurisdiction, although in such a case if the jurisdictional question is doubtful the objection should be taken in such form that it may be regularly tried and not determined on affidavits. Dennistoun v. Draper [Case No. 3,804]. In such cases it is not a question of the power of the court over its own proceedings or its own officers, but of the proper mode in which that power shall be exercised with a due regard to the rights and interests of the parties.

But it is claimed that the petitioners are estopped by giving the bond to move to vacate the attachment or to deny the truth of the return or the validity of the attachment; that new rights have intervened in consequence of their giving the bond, which equitably estop them. There is no such estoppel. The libellants have lost no rights by the release of the vessel. They had no attachment, no right in her to lose. The recital of the attachment in the bond does not estop the claimants or their sureties. The libellants have done nothing, nor parted with any value, nor altered their condition on the faith of the claimants' assertion of the fact of the attachment. On the contrary, the recital in the bond is a mere recital of what the libellant has procured to appear to be the fact by his proceedings, that is to say, by the false return which has been made in his behalf. The practice in this case appears to be in effect an ingenious but unwarrantable method of levying execution before getting judgment and a grossly improper extension of the remedy of foreign

attachment; and to hold parties estopped to deny the fact of the attachment, because they have given a bond for the property, the attachment of which they were misled by the libellants or the marshal to believe was in fact made, would encourage and sanction this irregular practice. The attachment being void, the bond necessarily fails and it would be unjust to hold the parties to it, and no technical rules require that they should be held to it. Harris v. Hardman, 14 How. [55 U. S.] 334.

It is also objected that a former motion to vacate the attachment virtually decided this, and that, this motion being the renewal of the former motion, could not be made without leave of the court. It is enough to say on these points, that the former motion was based on alleged deceit on the part of the libellants' proctors in procuring the bond to be given, and it was denied on the ground that such deceit was not shown. No motion was then made to compel an amendment of the return and the return was held conclusive as to the time when the attachment was made for the purpose of that motion. This motion is made on an order to show cause, which itself permitted the renewal, if it is a renewal, of the former motion.

These petitioners cannot ask a dismissal of the libel. Notwithstanding the failure to acquire jurisdiction of the defendants or their property on the process already issued, another process may issue on the same libel. The fact that the defendants have an equitable interest or an attachable interest in the ship (if it be so) is immaterial. The claimants as general owners had a right to make their claim and to bond the vessel. The fact that the respondents have made affidavit that they have no defence and desire to make none, is also immaterial. They have not thereby subjected themselves to the jurisdiction of the court, nor become parties to the action. They have not appeared as defendants. No valid attachment of their property has been made, and their willingness to have the interest of the claimants in this vessel go to pay their own debts, does not affect the claimants' rights in the premises.

An order will be entered directing the marshal to amend his return by striking out the words "The within named respondents not found," and vacating the attachment, cancelling the bond and vacating all proceedings in the cause subsequent to the issue and return of process.