SHEWAN et al. v. HALLENBECK.

(District Court, S. D. New York. December 17, 1906.)

ADMIRALTY—ATTACHMENT—ABUSE OF PROCESS.

Where a libelant, in a suit in personam, waited for more than a year after filing the libel before issuing process thereon, although the respondent might readily have been found within the district during that time, the case is not one for security before judgment, and an attachment then made under admiralty rule 9 will be vacated.

In Admiralty.

John F. Foley, for libelants.
Wray & Callaghan, for respondent.

ADAMS, District Judge. This is a motion on the respondent's part to vacate an attachment obtained under process in personam with a clause of foreign attachment. The libellants filed a libel on the 19th of August, 1905, to recover a balance of $567.15 for repairs made in April, 1904, at New York, on the steamtug William Coleman, owned by the respondent. It is alleged that the respondent was a resident of Brooklyn, New York, and that the full bill was $808.08, upon which there were paid $240.95, leaving unpaid the balance claimed. This libel has never been served upon the respondent or an attempt made to secure service though there has been opportunity for such service in this district through the respondent often being here. On the 10th of December, 1906, the libellants issued process with a clause of foreign attachment. The marshal in his return says that on the same day after diligent search, he was unable to find the respondent and he therefore attached the steam tug Henry L. Wait in New York City.

It is not claimed by the libellants that any effort has been made to serve process and it is evident that service simply was not desired but an opportunity to obtain security through an attachment under Admiralty Rule 9, which provides:

"Process to be used in commencing suits may be in personam or in rem, or both, when not otherwise provided; and shall be issued by the clerk.

Process in personam may be: (1) A simple monition in personam. (2) Such monition united with a clause of attachment of defendant's goods and chattels if the defendant is not found."

In his moving affidavit, the respondent alleges that he formerly owned a controlling interest in the Coleman, and now and has been for the past 22 years master of the Wait and used her in and about

the' harbor of New' York all the time; that at the time of filing the libel in this action these libellants filed another libel against him for $91.20 for repairs to the Wait, with which he was served personally and thereupon called upon the present proctor for libellants and paid the amount due with costs; that since the month of February, he has personally been at the dock near the foot of Wall Street, East River, nearly every day, during which time he has seen and conversed with clerks in the employ of the libellants; that two or three months ago the libellants telephoned to the offices of the White Star Towing Line at No. 70 South Street and asked him to do some shifting jobs for them with the Wait, showing that they knew where he could be found in this district; that in the month of September, 1906, he telephoned to the office of the libellants' proctor concerning a claim he had against a canal boat then lying near New York and on the following day had a conversation with him at his office about the business which resulted in the collection of some $300 which was paid to the respondent by check sent to his home in the regular course of the mail; that he took the Wait to the libellants' dock to have repairs made upon her; that she lay there all day Saturday and the following Monday until 5 o'clock in the afternoon; that when he returned to her Tuesday morning he found that she had been attached; that he is informed and believes that the libellants knew that the Wait would not be moved from the libellants' place of business until the respondent came for her on Tuesday morning as no captain was employed on her, but acted in that capacity himself; that they also knew where he could be found and if the information they possessed had been given to the marshal, the latter would have been able to find him on Saturday December 8th, or on the following Monday or Tuesday or would have been able to find him any day near the foot of Wall street and that he believes that the libellants resorted to the attachment for the purpose of obtaining a lien on the tug which they were not entitled to and that they have used the process of the court wrongfully for that purpose.

The replying affidavits on the part of the libellants allege that the respondent is a resident of Brooklyn; that on the 10th of December, 1906, the libellants' proctor received a telephone message from the libellants to cause the Wait to be seized under the attachment clause of the libel and he issued instructions to that effect, understanding at the time, the respondent was not within the district; that on Tuesday, December 11th, the respondent called upon him and negotiations were entered into for the settlement of this claim but no results were reached; that other parts of the matter were in the hands of his clerks, one of whom testified that he had had charge of the issuing of process and on Monday, December 10th, he caused the process to be issued shortly before 4 o'clock and understands that the marshal proceeded to immediately execute it. Other affidavits on the part of the libellants state that they were at the libellants' dry dock all day Monday and did not see the respondent there.

From the facts shown, it clearly appears that the libellants adopted this method to embarrass the respondent or get security from him for

their claim without first having secured a judgment. Although the respondent probably owed them money, this was not a proper way to collect it. There can be no doubt that there was ample opportunity to make service during the long time the action has been pending, but the libellants refrained from availing themselves of it in order to pursue this course. See International Grain Ceiling Co. v. Herman Dill et al., 10 Ben. 92 (Fed. Cas. No. 7,053). It is obvious from the papers that no real effort was made to find the respondent. After refraining from action on the libel from August 19th, 1905, suddenly on the 10th of December, 1906, the writ was issued, it is said, shortly before 4 o'clock and served on the vessel at 5:30 p. m.

The motion is granted.