## BIRDSALL v. GERMAIN CO.

(District Court, S. D. New York. October 13, 1915.)

ADMIRALTY ⬅47—SUIT IN PERSONAM—VALIDITY OF ATTACHMENT.

Under an admiralty rule of court, providing that process in personam may be a simple citation or "such a citation with a clause therein that if respondent cannot be found his goods and chattels to the amount sued for be attached," the attachment of property of a foreign corporation which maintains an office in the district in charge of one of its officers,

who resided there, and without any effort to make personal service, is invalid, and will be vacated.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 396–403; Dec. Dig. ☞47.]

In Admiralty. Suit by Amos Birdsall, Jr., against the Germain Company. On motion to vacate attachment. Motion sustained.

Arthur Lovell, of New York City, for libelant.
Ralph James M. Bullowa, of New York City, for respondent.

AUGUSTUS N. HAND, District Judge. The respondent moves to vacate an attachment levied in a proceeding against the respondent in personam under admiralty rule 9 of this court, which, so far as it is applicable to the matter now before the court, is as follows:

"Process in personam may be: (1) A simple citation in the nature of a summons to appear and answer to the suit; (2) such a citation, with a clause therein that if the respondent cannot be found, his goods and chattels to the amount sued for be attached. * * * "

In the present case it does not seem to be denied that the allegations of the respondent's affidavits are true that the defendant (which is a Pennsylvania corporation) was doing business in the Southern district of New York, at an office there, at No. 61 Broadway, and that its vice president has his office at that number and resides in the district.

It was held by Judge Adams, in the case of Shewan v. Hallenbeck (D. C.) 150 Fed. 231, which was a proceeding in admiralty by attachment, that it was an abuse of process for the libelant to attach the goods of a respondent without making any real effort to find him and make personal service. In that case, the respondent was an individual; but I cannot see the difference between an individual and a corporation that has an established place of business within the district in charge of one of its officers. The libelant attempts to avoid the decision of Judge Adams in the case of Shewan v. Hallenbeck, supra, by insisting that the general appearance which was entered on behalf of respondent cured all defects of process, and cites the case of Atkins v. Fibre Disintegrating Co., 18 Wall. 272, 21 L. Ed. 841, for this legal proposition.

It is undeniably true that a general appearance (if the court has jurisdiction of the subject-matter of the controversy) gives the court jurisdiction, and to that extent cures any defect of service; but I see no reason for holding that it validates an attachment, though the attachment was made to obtain jurisdiction in personam, if the attachment was improper, as in this particular case, because no real effort was made to serve the officer.

In the foregoing case of Atkins v. Disintegrating Co., the Supreme Court held that a suit in admiralty might be begun by attachment, and that the prohibition of the Judiciary Act of September 24, 1789 (1 Stat. 73, c. 20), did not apply to suits in admiralty where the statute says (section 11):

"No civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ."

In argument (18 Wall. at page 298, 21 L. Ed. 841), the court adverted to the fact that the respondent had entered a general appearance and said:

"This warranted the decree in personam for the amount adjudged to the libelants."

The court went on to say, however, that:

"The stipulation for value was entered into subject to the motion to discharge the property attached; the stipulation to be canceled if the motion prevailed. * * * If the attachment clause was void for want of jurisdiction in the District Court to issue it, the seizure of the property was a trespass, and the stipulation a nullity, irrespective of the reservation which it contained."

The question was not raised, as in the case at bar, whether the attachment was invalid because the respondent could be readily found in the district; but the question raised was: Had the court in admiralty, even after a general appearance, any power to proceed in a district whereof it did not appear that the respondent was an inhabitant, or could be found, at the time of serving the writ?·

Under such circumstances, Mr. Justice Swayne says in his opinion that the general appearance of the defendants "made their position just what it would have been if they had been brought in regularly by the service of process." And, of course, this is so. If the attachment was good, its value would not be impaired by the general appearance of the defendants; if it was not good, its insufficiency would not be validated by the general appearance. In other words, there is nothing in the case of Atkins v. Disintegrating Co., or in any other case that I have seen, which makes the sufficiency of an attachment affected by the filing of a general appearance.

The court undoubtedly has acquired jurisdiction of the Germain Company by the voluntary appearance of Mr. Bullowa as proctor in this suit; but the attachment should be vacated.