CAVANAUGH et al. v. STARBUCK TOWING CORPORATION.

(District Court, E. D. New York. October 31, 1919.)

No. 4367.

ADMIRALTY &32—DISTRICT OF SUIT IN PERSONAM ACCOMPANIED BY FOREIGN AT-
TACHMENT.

    A court of admiralty *held* to have jurisdiction of a suit in personam,
although both parties resided in an adjoining district, where there was
no evidence of want of good faith on the part of libelant; his motive being
to secure foreign attachment on a vessel then in the jurisdiction of the
forum.

    In Admiralty. Suit by Daniel J. Cavanaugh and others against the
Starbuck Towing Corporation. On exceptions to libel. Overruled.

    Alexander & Ash and Edward Ash, all of New York City, for libel-
ants.

    Foley & Martin and J. A. Martin, all of New York City, for re-
spondent.

    CHATFIELD, District Judge. On exceptions to the libel, the re-
spondent questions the right of the libelants to invoke admiralty ju-
risdiction in this district by an action in personam, when both parties
reside in another district, which happens to be the adjoining district.
The record shows no difficulty which would be experienced by the
libelants in bringing their action in personam in the district within
which they and the respondent reside. It is charged that the libelants'
sole motive was to obtain security by way of foreign attachment of the
respondent's vessel, which was then in this district, and which was fre-
quently in both districts.

    The respondent cites the case of Shewan v. Hallenbeck (D. C.) 150
Fed. 231, in which the libelant had begun action, but carefully avoided
serving process (in a district where neither resided) until the respond-
ent had left the district, in order to obtain a seizure of a boat which
was then in that district. It was held that this was palpable misuse
of process in order to embarrass the respondent and force him to give
security, by a literal application of the rule equivalent to a trick. In
The Athanasios (D. C.) 228 Fed. 558, the Hallenbeck Case is referred
to, and the court discountenances the practice of avoiding the making
of personal service for the mere purpose of obtaining security.

    But in the present case there is no evasion of the rule, nor is there
palpable avoidance of the spirit of the rule by holding strictly to the
letter. The libelant has seen fit to bring his action in a district where
he can obtain security. There is no way of going into his good faith,
and he has indulged in no trick. As was said when this question was
raised in the suit of Shamrock Towing Co. v. Manufacturers' & Mer-
chants' Lighterage Co. and the Hax Trading Co., 262 Fed. 844, decid-
ed February 9, 1918, no legal distinction is presented because the two
districts happen to be adjoining, rather than remote from, each other.

    The exceptions will be overruled.

        For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes