MAX COHN and RICARDO COHN, Respondents, *v.* JAMES C. GISMOND & COMPANY, INC., Appellant.

First Department, December 1, 1922.

**International law — non-resident alien enemy cannot sue to recover purchase price of goods — motion to dismiss complaint granted where action commenced by non-resident alien enemy during war, though war terminated before motion made.**

It was a good and sufficient defense in law to this action, brought to recover the balance due on the purchase price of goods sold and delivered, that the plaintiffs at the time of the commencement of the action were and still are aliens, born within the Empire of Germany and were and still are subjects and citizens thereof, or of its present State, temporarily residing in the Republic of San Salvador, and that at the time of the commencement of the action the Empire of Germany was at war with and an enemy of the United States of America.

It has universally been recognized as a principle of international law that war suspends the right of a non-resident alien enemy to prosecute actions in the civil courts of this State, which are commenced during war, and as the plaintiffs were not within the exception contained in section 10 of the Trading with the Enemy Act (40 U. S. Stat. at Large, 420) they did not have legal capacity to sue.

Plaintiffs' right to maintain this action is dependent on their status when the action was commenced, and the termination of a state of war between the United States and the Empire of Germany did not reinstate the plaintiffs' capacity to sue as of the date of the commencement of the action, and, therefore, defendant's motion to dismiss the complaint, which was made after the war terminated, should be granted.

APPEALS by the defendant, James C. Gismond & Company, Inc., from two orders of the Supreme Court: (1) an order made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of October, 1921, denying

defendant's motion for an order overruling plaintiffs' demurrer to the separate defense in the amended answer; and (2) an order likewise made and entered denying defendant's motion for an order dismissing the complaint on the ground that the plaintiffs were alien enemies without capacity to sue in any court in the United States.

*Edward B. Bloss* of counsel, for the appellant.

*Edwin V. Guinan* of counsel [*Louis F. Doyle* with him on the brief], for the respondents.

PAGE, J.:

The action was to recover the balance due on the purchase price for goods sold and delivered. The action was commenced on May 10, 1920. The answer set up as a complete defense that the plaintiffs at the time of the commencement of the action were and still are aliens born within the Empire of Germany, and were and still are subjects and citizens thereof, or of its present state, temporarily residing in the Republic of San Salvador; that at the time of the commencement of this action the Empire of Germany was and still is at war with and an enemy of the United States of America; that at the commencement of this action the plaintiffs were and still are alien enemies abiding without the United States of America. The plaintiffs demurred to this defense upon the the ground that it was insufficient in law upon the face thereof. The court denied the defendant's motion to overrule the demurrer.

It has been recognized universally as a principle of international law that war suspends the right of a non-resident alien enemy to prosecute actions in the civil courts. (*Rothbarth* v. *Herzfeld,* 179 App. Div. 865; affd., 223 N. Y. 578.) The only conflict in the decisions has had reference to the prosecution of actions commenced before the declaration of war. It is held in some jurisdictions that the further prosecution is suspended until peace is declared, and in others that the action abates, subject to the right to a new action for the same cause after the declaration of peace. The decisions, however, are uniform that a non-resident alien enemy is incapacitated to begin a civil action in the courts. The authorities showing the historical development of this principle are collated and discussed by Lord Chief Justice READING in an opinion written for the Court of Appeal (*Porter* v. *Freudenberg,* L. R. [1915] 1 K. B. 857), in which he states "whenever the capacity of an alien enemy to sue or proceed in our courts has come up for consideration, the authorities agree that he can not enforce his civil rights and can not sue or proceed in the civil courts of the realm."

In recognition of this incapacity the " Trading with the Enemy Act," approved October 6, 1917 (40 U. S. Stat. at Large, 416, 417, § 7, subd. b), provided that " Nothing in this act shall be deemed to authorize the prosecution of any suit or action at law or in equity in any court within the United States by an enemy or ally of enemy prior to the end of the war, except as provided in section ten hereof." This case is not within the exception.* The plaintiffs did not have capacity to sue; therefore, the defense was sufficient and the demurrer should have been overruled.

On the motion to dismiss the complaint, in addition to the pleadings there was submitted an affidavit, from which it appeared that the President of the United States issued an Executive Order on October 12, 1917, empowering the War Trade Board of the United States to carry out certain provisions of the Trading with the Enemy Act. That Board, pursuant to such authority, issued an " Enemy Trading List " containing, among many others, the plaintiffs' names. On page 3 of said list, among other things, it is stated as follows: " 1. The Enemy Trading List is compiled for the benefit of American merchants who, by the Trading with the Enemy Act, are prohibited under penalties from trading with the enemy, or ally of enemy, without first obtaining a license from the War Trade Board. This is a list of enemies and allies of enemies, and other persons, firms and corporations, who there is reasonable cause to believe have acted directly or indirectly, for, on account of, on behalf of, or for the benefit of enemies and allies of enemies."

It is further stated in the affidavit that no license was issued to the plaintiffs or either of them by the War Trade Board, after the time when their names were listed on the Enemy Trading List, or prior to the commencement of this action, nor was any license ever granted to an attorney at law of this State by said Board for the purpose of bringing this action on the part of the plaintiffs. No answering affidavit was presented.

It thus appears that the plaintiffs did not have capacity to sue when the action was brought.

It is argued that, inasmuch as peace had been declared before the motion was made, and if the motion was granted, the plaintiffs could now bring the action, the action should not be dismissed. The plaintiffs' right to maintain the action is dependent on their status when the action was commenced. Had the action been commenced prior to the declaration of war, there would be no question presented of the plaintiffs' capacity to sue. The sole question would have been the right to prosecute it. In such case

---

* See 40 U. S. Stat. at Large, 420, § 10. — [ REP.

the court could stay the prosecution until peace was declared. To deny the motion and permit the action to proceed would be to apply to this case a consideration applicable only to an action rightfully commenced, and by indirection to nullify the provisions of the Trading with the Enemy Act.

As we said in *Rothbarth* v. *Herzfeld* (*supra*): " It is the plain duty of every court in the United States to enforce this rule of law and to aid the government in seeing that the Trading with the Enemy Act is firmly upheld." This requires a dismissal of the action.

The order denying defendant's motion to overrule the demurrer should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The order denying defendant's motion to dismiss the complaint should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.