MURRAY OIL PRODUCTS CO., INC., Plaintiff, *v.* MITSUI & COMPANY, LTD., Defendant.*

Supreme Court, Special Term, New York County, February 3, 1942.

---

* Affd., 263 App. Div. 979. See, also, *Horvath* v. *Mitsubishi Shoji Kaisha, Ltd.* (178 Misc. 52).

*Copal Mintz,* for the plaintiff.

*Putney, Twombly & Hall* [*Lemuel Skidmore* and *Howard F. Ordman* of counsel], for the defendant.

WALTER, J   This action by a New York corporation against a Japanese corporation was commenced after the outbreak of war between the United States and Japan.   The summons was served upon the Secretary of State of New York, who sent it to defendant's New York office, and it was then sent by officials of the United States. then in charge of such office, to certain New York attorneys who now represent to the court that they had been counsel to defendant for about twenty-five years and move for a stay of the action and an extension of time to answer until the termination of the war.   Plaintiff also obtained a warrant of attachment and caused it to be levied upon funds of defendant in New York.

Whether or not a stay shall be granted undoubtedly rests in the court's discretion in the sense that the court is to determine upon the facts of each particular case whether or not a stay is necessary, but the right to defend an action brought against one is one of those fundamental rights inherent in our jurisprudence as well as in our conception of the very democracy for which we are fighting, and the opportunity for consultation between client and counsel is a part of that right, and the right must be accorded to alien enemies as well as to others.   (*Watts, Watts & Co., Ltd.,* v. *Unione Austriaca di Navigazione,* 248 U. S. 9, 21, 22; *The Kaiser Wilhelm II,* 246 Fed. 786, 789, 790, *City National Bank* v. *Dresdner Bank of Bremen,* 255 id. 225, 227; *Kintner* v. *Hoch-Frequenz, etc., Drahtlose Telegraphie,* 256 id. 849.)   That the interests of some of our citizens may be prejudiced by halting the prosecution of a case during the war would not justify the court in failing to enforce the settled and established law.   (*Rothbarth* v. *Herzfeld,* 179 App. Div. 865. 868, 869; affd., 223 N. Y 578.)

That the counsel who make the present representation to this court already know something about the case is not a sufficient

ground for refusing a stay. In *Watts, Watts & Co., Ltd.,* v. *Unione Austriaca di Navigazione (supra)* the stay was granted even after the case had been submitted for decision upon a stipulation as to the facts and proof of foreign law before the defendant became an enemy alien, and it is even more patent here than in that case that " We cannot say that, for the proper conduct of the defense, consultation between client and counsel and intercourse between their respective countries may not be essential even at this stage. The war precludes this."

The motion is accordingly granted to the extent of extending the time to move or answer and staying all proceedings on the part of the plaintiff until the further order of the court. Settle order.