## J. D. & A. B. SPRECKELS CO. v. THE TAKAOKA MARU et al.

District Court, S. D. New York.

Feb. 4, 1942.

Hill, Rivkins & Middleton, of New York City, (Barton P. Ferris, of New York City, of counsel), for libelant.

Burlingham, Veeder, Clark & Hupper, of New York City, (Burton H. White, of New York City, of counsel), for respondent.

HULBERT, District Judge.

There are two motions:

1. By the respondent (a) for a stay of all proceedings pending the duration of the World War, and (b) to vacate a notice for the taking of the testimony at Philadelphia, Pa., on February 5, 1942, of Ray B. Garrison and other witnesses residing in or near that City.

2. By the libelant for a Writ of Foreign Attachment.

The libel was filed on September 5, 1939, and jurisdiction was acquired by the personal appearance of the respondent, which is a corporation organized and existing under and by virtue of the laws of the Empire of Japan, then having a place of business at 25 Broadway, Borough of Manhattan, City of New York, within the jurisdiction of this court.

The respondent's motion (a) is granted to the extent of staying the trial upon the authority of Watts, Watts & Co.,

Ltd., v. Unione Austriaca di Navigazione, 248 U.S. 9, 39 S.Ct. 1, 63 L.Ed. 100, 3 A.L.R. 323, but the libelant will be permitted to take the depositions, since it might be irreparably injured by the operation of a stay for the duration of the War, the termination of which no one can foretell, as the witnesses now sought to be examined might be then unavailable.

No sufficient showing has been made that the witnesses to be examined are within 100 miles of this court. See, 28 U.S.C.A. § 639; Green v. Victor Talking Mach. Co., D.C., 15 F.2d 869. In any event, the court would feel disposed to permit the perpetuation of this testimony under 28 U.S.C.A. § 644, under the circumstances disclosed. Spellman v. Sullivan, 2 Cir., 61 F.2d 787. To be technical, it would only necessitate another motion and a consequent loss of time; moreover, the court is informed that all arrangements have been made to take the depositions in accordance with the notice.

Libelant's motion (2) for a Writ of Foreign Attachment is denied. By personal appearance and the interposition of an answer the respondent is subject to the jurisdiction of this court. See Birdsall v. Germain Co., D.C., 227 F. 953. But this disposition is without prejudice to an application for further security under Admiralty Rule 8, 28 U.S.C.A. following section 723, or for an injunction directed against the custodian of the funds prohibiting their removal from this jurisdiction or other disposition without further order of this court.

Settle orders on notice unless consented to as to form.