## THE SANTA LUCIA.

## THE CONTE BIANCAMANO.

District Court, S. D. New York.
Feb. 17, 1942.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Richard L. Sullivan, and Robert S. Erskine, both of New York City, of counsel), for libelant and cross-claimant.

Loomis, Williams & Donahue, of New York City (Homer L. Loomis, of New York City, of counsel), for claimant and cross-libelant.

MANDELBAUM, District Judge.

The court has before it cross-motions in admiralty.

1. The libelant moves for a commission to Chile to take the testimony of four Chilean citizens on written interrogatories with opportunity for cross-examination of these witnesses on written interrogatories by the cross-libelant.

2. The cross-libelant moves for a stay of all proceedings until the conclusion of hostilities between Italy and the United States of America.

The motions will be considered together. The libelant, a citizen and resident of the United States, sues for collision damage to its vessel occurring outside of this country. The cross-libelant, a citizen and resident of Italy, and therefore a non-resi-

dent enemy alien, sues for damage to its vessel, arising out of the same collision. The actions were commenced prior to the declaration of war between this country and Italy.

The court shall first dispose of the cross-libel. The principle is well-established that war suspends the rights of non-resident alien enemies to prosecute actions in our courts. Cohn v. James C. Gismond Co., Inc., 203 App.Div. 453, 197 N.Y.S. 41; Rothbarth v. Herzfeld, 179 App.Div. 865, 167 N.Y.S. 199, affirmed 223 N.Y. 578, 119 N.E. 1075. This principle has been reaffirmed in the Trading with the Enemy Act, 40 Stat. 411, 417, 50 U.S.C.A. Appendix, § 7(b), which provides, in substance that an enemy or ally of an enemy cannot prosecute any suit or action at law or in equity in any court within the United States prior to the end of the war. See Ex parte Don Ascanio Colonna, January 5th, 1942, 314 U.S. 510, 62 S.Ct. 373, 86 L.Ed. ——.

Accordingly, cross-libelant is estopped from taking any step in furtherance of its cross-libel, at least until the cessation of hostilities. This restriction against suit by a non-resident enemy alien does not apply to a suit by an American citizen against such alien. McVeigh v. United States, 11 Wall. 259, 20 L.Ed. 80. But it is firmly established in our jurisprudence that the enemy alien must be given the right to defend. Watts, Watts & Co. v. Unione Austriaca, 248 U.S. 9, 39 S.Ct. 1, 63 L.Ed. 100, 3 A.L.R. 323; Trading with the Enemy Act, Sec. 7(b), 50 U.S.C.A.Appendix, § 7(b), provides that an enemy or ally of an enemy may defend by counsel any suit in equity or action at law which may be brought against him.

This poses the main question. Can the proctor for the cross-libelant prepare cross-interrogatories to the interrogatories to be propounded by the libelant? The proctor, in his affidavit, says that he cannot. He deposes that he has no means of communicating with his client, and gathering the information necessary to enable him to defend the libel and to prepare for cross-examining his witnesses whose testimony libelant proposes to take under the libel and cross-libel. In a word, his contention is that the testimony to be taken in Chile may decide the ultimate fate of the litigation; and that his inability to pre-pare these cross-interrogatories is in effect a denial of the enemy alien's right to defend.

Libelant challenges this and asserts that the framing of the cross-interrogatories requires no such extensive preparation, as claimed by the cross-libelant's proctor. To accept this argument would, it seems to me, result in a direction to the proctor as to the manner in which he should protect his client's interests.

From a consideration of the entire matter, I am persuaded that the position of the proctor for the cross-libelant is not arbitrary or capricious. It is my feeling that, under the circumstances as disclosed, he would be at a decided disadvantage, if compelled to meet the proposed commission, and he would not be given the opportunity to defend, in the sense recognized by a democratic form of government.

In Watts, Watts & Co. v. Unione Austriaca, supra, the Supreme Court granted a stay even after the case had been submitted for decision upon a stipulation as to the facts, and proof of foreign law before the defendant became an alien enemy. The court, speaking through Justice Brandeis said (248 U.S. at page 22, 39 S. Ct. at page 2, 63 L.Ed. 100, 3 A.L.R. 323): "We cannot say that, for the proper conduct of the defense, consultation between client and counsel and intercourse between their respective countries may not be essential even at this stage. The war precludes this."

See, also, Birge-Forbes Company v. Heye, 251 U.S. 317, 323, 40 S.Ct. 160, 64 L.Ed. 286.

On this very point, Justice Walter of the Supreme Court, New York County, in Murray Oil Products, Inc., v. Mitsui & Co., Ltd., 178 Misc. 82, 33 N.Y.S.2d 92, has granted a stay on the theory that the enemy alien was unable to properly defend the suit. For a general discussion of the subject matter, see, also, the recent case of Kaufman v. Helmuth Eisenberg and City of New York, 177 Misc. 939, 32 N.Y.S.2d 450, decided January 19th, 1942, by Justice Eder.

The court will stay all proceedings on the part of the libelant until further order of the court.

Settle order on two days' notice.