SADIE ULLMANN, Plaintiff, *v.* MICHEL MAYER et al., Defendants.

Supreme Court, Trial Term, New York County, April 27, 1943.

*William St. John Tozer* for Michel Mayer, defendant.

*Milton S. Gould* and *Alvin J. Bernstein* for plaintiff.

STEUER, J. Defendant seeks a stay of the action until six months after the termination of the war. The defendant is a resident of France and when last heard from was in the unoccu-

pied portion of that country. It is conceded that communication with him is not possible and has not been since November, 1942. It is well established that where a defendant is in a foreign country cut off from communication with the United States by the exigencies of war, he is entitled to a stay of proceedings until he has had an opportunity to confer with counsel and to take such other steps in his defense as the circumstances of the case call for. (*Kaiser Wilhelm II*, 246 F. 786.) Yet each case must be determined on its own facts. (*Murray Oil Products Co., Inc.*, v. *Mitsui & Co., Ltd.*, 178 Misc. 82.) Plaintiff contends that the facts here show that defendant sought to delay matters and that his own tactics are the cause of his predicament. A warrant of attachment was served on December 22, 1941. Service by publication was completed on February 25, 1942. Defendant, instead of answering, moved to vacate the attachment. Although this effort was unsuccessful and an appeal from the order was likewise unavailing, the sheriff failed to reduce the property attached to possession and a new warrant was obtained on August 25, 1942. The defendant appeared on September 16, 1942, and answered on October 21, 1942.

The law is quite clear. A defendant is entitled to contest the jurisdiction or raise other questions and his failure to take advantage of the period between the commencement of the suit and the severance of communications by the exigencies of war is inconsequential. (*Watts, Watts & Co., Ltd.*, v. *Unione Austriaca Di Navigazione*, 248 U. S. 9.) In other words, he is not required to anticipate that he will be cut off from the forum and the mere lapse of time in which he might have been preparing will not operate as a bar.

It is entirely different where the lapse of time shows that he would not have been prepared even if war had not intervened. His counsel cannot be heard to plead ignorance of possible defenses due to lack of communication if that same lack of knowledge would have been evident had communication been open.

The facts of the case determine the difference. As seen, issue was joined October 21, 1942. The case appeared on the calendar April 19, 1943. Communications ceased November, 1942. In the orderly course of procedure, under conditions prevailing in October, 1942, depositions could have been taken and papers mailed in ample time for the trial had intercourse between this country and that part of France where defendant resided not been interrupted. Had the facts been otherwise the plea should not be entertained.

The motion is granted to the extent of staying the trial until two months after the termination of the war, with leave to defendant to make such application as the facts at that time warrant and to the plaintiff to restore the case prior to that time if it can be shown that opportunity to communicate with France is restored. Settle order.