FRED METZGER, Plaintiff, *v.* CREDIT INDUSTRIEL D'ALSACE ET DE LORRAINE, Defendant.

Supreme Court, Special Term, New York County, August 2, 1943.

*Francis A. McAnaney,* of the Office of the Alien Property Custodian, for defendant.

*Stephen Brooks-Rosenthal* for plaintiff.

SCHREIBER, J. At the time the warrant of attachment was obtained and levied and service by publication completed against defendant, a French banking corporation, Executive Order No. 9193 [issued July 6, 1942, 7 Federal Register, p. 5205], upon which the Alien Property Custodian relies, had not yet been issued, and General Order No. 6 of the Alien Property Custodian, providing for service of process upon him [7 Federal Register, p. 6199, issued Aug. 8, 1942], had not yet gone into effect. The Alien Property Custodian does not, however, seek to set aside the service of process or to dismiss the action. This motion is in the nature of one to open a default and be permitted to defend the action. By virtue of the Executive Order above referred to the Alien Property Custodian is " authorized to take such other and further measures in connection with representing any such person in any such action or proceeding as in his judgment and discretion is or may be in the interest of the United States " (par. 5). At the time judgment was entered

by default, April 21, 1943, the Alien Property Custodian was the proper representative of the defendant under Executive Order No. 9193. He is, therefore, entitled to an opportunity of contesting the action and his application to vacate the default judgment entered without notice to him should be granted. The other relief sought, viz., a stay until he is able to communicate with defendant's officers abroad and obtain information which would enable him to defend the action is likewise proper in the circumstances. (*Murray Oil Products Co.* v. *Mitsui & Co.*, 178 Misc. 82, affd. 263 App. Div. 979.) The motion is granted in all respects. Settle order.