FRANCOISE GEISMAR, Plaintiff, *v.* F. WILDER BELLAMY et al., Defendants, and CREDIT COMMERCIAL DE FRANCE, Impleaded Defendant.*

Supreme Court, Special Term, New York County, August 23, 1943.

*Coudert Brothers* for plaintiff.

*McCanliss & Early* for defendants.

*James L. Duncanson,* Office of Alien Property Custodian, for impleaded defendant.

PECK, J. This is a motion by plaintiff for summary judgment in an action brought for the possession of securities held by the defendants Dominick and Dominick. The plaintiff, a French national now resident in Canada, alleges that she deposited the securities prior to December 31, 1939, with the impleaded defendant, Credit Commercial de France, a French bank, which in turn deposited the securities with the defendants Dominick and Dominick in New York. The motion for summary judgment is based upon plaintiff's assertion of unencumbered ownership of the securities and certain written communications from the

---

* See *Ullmann* v. *Mayer*, 180 Misc. 600.— [REP.

French bank to the plaintiff. The first communication is an advice dated February 21, 1940, enumerating the securities as being in the plaintiff's dossier with the bank as of December 31, 1939, and stating that the securities were deposited with Dominick and Dominick in New York. The second communication dated September 29, 1940, in reply to a request from the plaintiff that the French bank identify the plaintiff to Dominick and Dominick in order that she might collect the income on the securities, asked the plaintiff to indicate the number of her account or the branch with which the account was opened, and stated that '' We shall then examine the possibility of transmitting to Messrs. Dominick and Dominick the income from the securities deposited with us.'' The third communication, dated May 21, 1941, advised the plaintiff that '' the exchange office to which we have submitted your communication requesting the authorization for you to obtain the delivery of the American securities which belong to you and are deposited in our dossier with Messrs. Dominick and Dominick in New York, has required a certificate of residence bearing the visa of the French Consul.''

The defendants, Dominick and Dominick, who impleaded the French bank, do not admit that the particular shares of stock claimed by the plaintiff are in their custody but do admit that they hold shares of the particular companies for the account of the French bank in a total number exceeding the number claimed by the plaintiff. Dominick and Dominick make no claim to the securities themselves but allege that the French bank has asserted a claim to all of said securities.

The Alien Property Custodian has appeared in the action in behalf of the impleaded defendant and opposes the motion for summary judgment, on the ground that the rights and claims of the impleaded defendant are not known and cannot be asserted because of war conditions, and asks that the trial of the action be stayed until six months after the termination of the war in order that the impleaded defendant may have its day in court.

The cases cited by the attorney for the Alien Property Custodian show that our courts are solicitous to protect the interests of aliens, even enemy aliens, in actions in which the aliens, by reason of war conditions, are unable to defend themselves. It has been the uniform practice of our courts in such cases to preserve to aliens an opportunity to defend by staying the actions until such time as there may be a fair opportunity to defend. (*Watts, Watts & Co.* v. *Unione Austriaca di Navigaz-*

*ione,* 248 U. S. 9; *Spreckels Co.* v. *The Takaoka Maru,* 44 F. Supp. 939; *Murray Oil Products Co.* v. *Mitsui & Co., Ltd.,* 178 Misc. 82, affd. 263 App. Div. 979; *Ullmann* v. *Mayer,* 180 Misc. 600; *Metzger* v. *Credit Industriel D'Alsace,* 181 Misc. 75.)

Plaintiff challenges the applicability of these cases to the present case by pointing out that in each of these cases there was an apparent issue of fact to be litigated and, therefore, a compelling reason why the alien's opportunity to defend should be preserved. Plaintiff contends that in the present action her proof of ownership is so clear that there is no triable issue and no reason therefore to stay the action or withhold summary judgment. Otherwise, says the plaintiff, there is no conceivable state of facts under which a plaintiff would be permitted to obtain summary judgment against any defendant residing in enemy or enemy-occupied territory.

The plaintiff's point is well taken to the extent that the principle of the cited cases should not be taken as a rule requiring the stay of all actions against enemy aliens or aliens in occupied territory or preventing summary judgment. There might well be a showing by a plaintiff of such conclusiveness that the court would be satisfied that there is no defense and justified in granting summary judgment. The showing in this case, however, is not so conclusive. The last communication from the impleaded defendant is more than two years old and indicates then existing conditions which would have to be satisfied before the plaintiff could be authorized to obtain delivery of the securities. Nor are the other communications unequivocal in acknowledging a clear right of the plaintiff to receive the securities or the income. It appears that the French bank had service charges for the year 1940. It may have subsequent charges. There are also too many possibilities of change in the plaintiff's interest in the securities and in the plaintiff's account with the French bank during the past two years to permit any presumption that the rights and relations are the same today as they were two years ago.

It is unfortunate that plaintiff should be required to wait indefinitely for the determination of her rights but this is one more price which must be paid for war and for preserving to the citizens of the world a fair opportunity to be heard in our courts when their interests are involved. Plaintiff's motion for summary judgment is denied and the motion of the Alien Property Custodian to stay the trial of the action is granted, the stay to be until such time as communication with the impleaded

defendant shall be legal and the impleaded defendant shall have an opportunity to take a position in this action. The plaintiff may recover from the defendant the accrued dividends and future dividends on the securities in question upon posting a surety bond in favor of the defendant and impleaded defendant for the amount of any withdrawals. Settle order.